IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TERRY SCHUESSLER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00809-O |
| | § | |
| **KROGER TEXAS L.P.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Notice of Removal (ECF No. 1), Plaintiff's Response (ECF No. 5), and Defendant's Reply (ECF No. 6). After reviewing the pleadings, evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge O'Connor **DENY** Plaintiff's Response seeking remand of this case to state court.

### I.    BACKGROUND

This is a personal injury suit resulting from a trip-and-fall incident at a Kroger grocery store located in Arlington, Texas. ECF No. 5 at 1. At issue is whether Defendant properly removed the case to this Court. ECF No. 4.

Plaintiff initially filed suit in state court on January 24, 2023, affirmatively pleading that "the plaintiff seeks only monetary relief of $250,000 or less." ECF No. 1-2 at 5, 6. On July 6, 2023, Plaintiff admitted in discovery that he was "seeking damages in excess of $75,000, exclusive of interest and costs." ECF No. 6-2 at 21. On August 3, 2023, Defendant filed a notice of removal to this Court on the basis of diversity jurisdiction. ECF No. 1 at 1. On August 16, 2023, Judge O'Connor ordered the plaintiff to respond to the defendant's notice of removal by addressing three issues: 1) "whether the amount in controversy exceeds $75,000 as understood under 28 U.S.C. §

1332," 2) "whether Defendants timely removed," and 3) "any other procedural or jurisdictional defects." ECF No. 4.

Plaintiff responded as ordered, requesting remand. ECF No. 5. Plaintiff agrees that he admitted in discovery to seeking damages in excess of $75,000, exclusive of interest and costs. *See id.* at 2. Plaintiff also "does not dispute the underlying premise that the request for admission and Plaintiff's response facially support removal and, as noted above, that the response supports a plausible allegation that the amount in controversy has been met." *Id.* at 5. Plaintiff even acknowledges that the undersigned previously found "that the response to an identical request for admission was sufficient evidence to establish the amount in controversy." *Id.* at 4 (citing *Mindy Ives v. Kroger Texas L.P.*, No. 4:17-cv-00011-O-BP, 2017 WL 1321000 at *2 (N.D. Tex. Mar. 17, 2017), *rec. adopted*, 2017 WL 1296598 (N.D. Tex. Apr. 7, 2017)).

Nevertheless, Plaintiff argues that his own admission about the amount of damages sought does not suffice to establish the amount in controversy. For example, as though backtracking from his admission in discovery, Plaintiff claims that this case is one "where the amount in controversy has not yet been ascertained" and vacillates further by writing that "the total paid or incurred amount of Plaintiff's past medical expenses from these providers might be sufficient evidence to support a finding that the amount in controversy exceeds the threshold requirements of 28 U.S.C. § 1332 or it might not." ECF No. 5 at 6. Ultimately, "Plaintiff believes that Defendant should be required to produce actual evidence that the amount in controversy is met and failing the production of that evidence, that the case be remanded . . ." ECF No. 5 at 6. Plaintiff agrees that Defendant's removal was timely but alleges that "there is a jurisdictional defect in Defendant's Notice regarding diversity of citizenship." *Id.* at 2, 4.

Defendant replied to Plaintiff's response, supporting removal. ECF No. 6. As Defendant construes the law, when the plaintiff's complaint does not unequivocally show the amount in controversy on its face, a discovery response may count as "other paper" under 28 U.S.C. § 1446(b) notifying the defendant of an action's removability, so long as this discovery response is "unequivocally clear and certain." *Id.* at 7. Defendant argues that Plaintiff's discovery response demonstrating that he is seeking damages in excess of $75,000, exclusive of interest and costs, meets this standard, making removal proper and requiring denial of Plaintiff's request for remand. *Id.* Defendant also pointed out that the timeliness of removal was not disputed and provided information about its organizational structure to demonstrate diversity of citizenship. *Id.* at 3-6.

Judge O'Connor referred the Notice of Removal (ECF No. 1), Plaintiff's Response (ECF No. 5), and Defendant's Reply (ECF No. 6) to the undersigned on October 3, 2023. ECF No. 7. These pleadings are now ripe for the Court's review.

## II.     LEGAL STANDARD

Not every case can be removed to federal court. The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must have subject matter jurisdiction over the case or controversy removed. *See id.*; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, the Court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). There is also a "long-standing canon of statutory

interpretation" that "removal statutes are to be construed strictly against removal and for remand." *Bosky v. Kroger Texas*, 288 F.3d 208, 211 (5th Cir. 2002).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removal is defective for lack of subject matter jurisdiction, the Court must remand the action. *Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that the literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction).

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). "Section 1332 does not provide further guidance on how to determine the amount in controversy. But other statutory provisions do," including 18 U.S.C. § 1446. *Durbois v. Deutsche Bank Nat. Trust Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022). Proper jurisdiction under 28 U.S.C. § 1332 requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### III.    ANALYSIS

#### A.    The amount in controversy exceeds $75,000 under 28 U.S.C. § 1332.

The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate Fire and Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). In determining whether the invoking party "has met its burden, we must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. If the amount in controversy is not apparent, we may rely on 'summary judgment' type evidence." *Id.* at 351-52 (internal citations omitted). Relatedly, "a defendant can still show a case to be removable on the basis of a state court complaint which does not explicitly state a demand for damages exceeding the threshold amount in controversy." *Bosky*, 288 F.3d 208, 212 (5th Cir. 2002); *see also* 18 U.S.C. § 1446(c)(2)(A)(ii). Instead of being proven by an explicit demand, the amount in controversy requirement can be "proven by 'other paper' pursuant to the second paragraph of [18 U.S.C.] § 1446(b)." *Id.*; *see also* 18 U.S.C. § 1446(b)(3). "A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30-day removability period." *Cole ex rel Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011); *see also* 18 U.S.C. § 1446(c)(3)(A). But "[t]o qualify as an 'other paper,' however, the discovery response must be 'unequivocally clear and certain,' so that defendant may ascertain the action's removability." *Cole*, 416 F. App'x at 440.

Here, Defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate*, 71 F.4th at 351. The amount in controversy is not apparent from the face of Plaintiff's initial state court filing, as this filing provides only that "the plaintiff seeks only monetary relief of $250,000 or less." ECF No. 1-2 at 5, 6; *Id.* at 351-52. Therefore, the

Court relies on "summary judgment type" evidence in determining the amount in controversy. *Allstate*, 71 F.4th at 351-52. Specifically, it considers "other paper" in the form of discovery responses to determine whether Defendant has established the amount in controversy by a preponderance of the evidence, but only to the extent that the discovery responses are "unequivocally clear and certain." *Id.* (noting the preponderance standard); *Bosky*, 288 F.3d at 212 (showing that the amount in controversy can be proven by "other paper"); *Cole*, 416 F. App'x at 440 (demonstrating that "unequivocally clear and certain" discovery responses count as "other paper"); *see also* 18 U.S.C. § 1446(b)-(c).

Several unequivocally clear and certain discovery responses support a finding that the amount in controversy is met. Crucially, Plaintiff explicitly admitted in discovery that he was "seeking damages in excess of $75,000, exclusive of interest and costs." ECF No. 6-2 at 21. Several other admissions emphasize this point: Plaintiff refused to agree "to a remittitur of any award [he] may receive in excess of $75,000, exclusive of interests and costs, in the present lawsuit" and refused to admit that he "will not amend [his] Petition [to] seek recover[y] of monetary damages in excess of $75,000[.]" ECF No. 1-2 at 77. The Court also notes that "[f]or Rule 36 to be effective [at winnowing down disputed issues], litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). The Court cannot simply overlook the fact that in seeking to remand on the basis of an insufficient amount in controversy, Plaintiff is attempting to repudiate its own prior admissions.

On the other hand, one unequivocally clear and certain discovery response supports a finding that the amount in controversy is not met. Though disclosures of medical expenses from three out of four providers remain outstanding, Plaintiff's initial disclosures about the fourth

provider only demonstrate medical expenses in the amount of $107.07. ECF No. 5-1 at 4. By comparison, in *Ives*, the plaintiff's initial disclosures of medical expenses totaled $32,667.20—also far below the statutory minimum, albeit closer. Plaintiff Mindy Ives' Response to Defendant's Response to Plaintiff's Motion to Remand at 3, *Ives*, No. 4:17-cv-00011-O-BP, 2017 WL 1321000, ECF No. 15.

Based on this analysis, the Court concludes that Defendant has met its burden and so remand is not appropriate. Much as in *Ives*, the Court finds that Plaintiff's discovery responses are "other paper" as provided by 28 U.S.C. § 1446(b) and serve as sufficient evidence of an amount in controversy over $75,000. Defendant met its burden to demonstrate by a preponderance of the evidence that Plaintiff seeks damages in excess of $75,000, and therefore removal was proper. Although the plaintiff's initial medical cost disclosures in *Ives* were closer to the statutory minimum for amount in controversy than were the initial medical cost disclosures in the instant case, both were far below it, indicating that this case is not meaningfully distinguishable from *Ives* in this regard and should be treated similarly. ECF No. 5-1 at 4, *Id*.

    **B.**     **Both parties agree that Defendant timely removed this case to federal court.**

Although Judge O'Connor requested a response on this issue, both parties agree that the defendant timely removed this case to federal court. ECF Nos. 5 at 4, 6 at 1. Accordingly, there is no reason to remand the case to state court based on a failure to timely remove.

    **C.**     **Plaintiff's asserted jurisdictional defect involving diversity of citizenship fails.**

Plaintiff argues that Defendant has not demonstrated complete diversity adequately, precluding removal. Specifically, Plaintiff argues that providing "the residencies of KRGP LLC's management, who 'are not members of KRGP LLC,' does not establish KRGP LLC's diverse citizenship," and accordingly, "Defendant's Notice of Removal fails to establish that there is

complete diversity between the parties." ECF No. 5 at 2.

However, in its reply, Defendant explained its organizational structure in a way that adequately demonstrates complete diversity. Defendant is Kroger Texas L.P., a "limited partnership formed under the laws of Ohio." ECF No. 6 at 3. Kroger Texas L.P. has two partners: one limited partner (KRLP Inc.) and one general partner (KRGP LLC). *Id.* at 4. KRLP Inc., the limited partner, is "an Ohio corporation with its principal place of business in Ohio," making KRLP Inc. a citizen of Ohio. *Id.* KRGP LLC, the general partner, is also a citizen of Ohio, because its sole member, Kroger Co., is also "an Ohio corporation with its principal place of business in Ohio," making Kroger Co. a citizen of Ohio. *Id.* Because "it is undisputed that Plaintiff is a resident and citizen of Texas," and defendant is only a citizen of Ohio, there is complete diversity as required under 28 U.S.C. § 1332(a). *Id.* at 3.

### IV. CONCLUSION

The amount in controversy exceeds the statutory minimum, both parties agree that Defendant timely removed this case to federal court, and Plaintiff's argument that there is a jurisdictional defect involving diversity of citizenship fails. Accordingly, as Plaintiff has not alleged an adequate basis for remand, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's request to remand. ECF No. 5.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 13, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE